[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (NO. 150.00)
The court, having heard the parties, reviewed the evidence, heard the arguments of counsel, decides the Motion for Contempt dated September 4th, 1991, being motion 150.00.
The parties seeks an interpretation of what is a major repair. It is agreed by the parties that the husband is to pay 40 per cent of all major repairs. In the order of the court of January 18th, 1982, it indicated that such repairs would be made upon mutual consultation and agreement, which agreement will not be unreasonably withheld. It is clear that the parties are not able to communicate with each other, and having reviewed their correspondence, it is clear, also, that they are not able to communicate even in writing.
Accordingly, it is clear to this court that there was an impossibility of performing the mutual consultation and agreement part of the court's order. Accordingly, this court has decided this issue on the basis of whether or not, in the court's opinion, the repair was a major repair. The subsequent modification of the court's order by Judge Freedman and clarification thereof is not helpful to this court.
Accordingly, the court rules as follows with reference to exhibit B. The court finds the following items listed on exhibit B are major repairs and that the husband shall pay 40 per cent of those items as follows:
 1. Item number two, the driveway repair as agreed on between the parties.
2. Item number seven as agreed on between the parties. CT Page 8308
3. Item number nine as agreed on between the parties;
 4. Item number eleven, the painting of the house including labor and paint.
5. Item number twelve, the tile installed in the foyer.
 6. Item number fifteen, replace the front entrance hall fixture.
7. Install shower door to prevent heaving of floor.
 8. All other items on the list as shown on exhibit B are found not to be major repairs to which the husband must contribute.
The husband is not found to be in contempt of court, and no counsel fees are ordered.
EDWARD R. KARAZIN, JR., JUDGE